UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: LAWNMOWER ENGINE
HORSEPOWER MARKETING & SALES
PRACTICES LITIGATION

MDL. No. 08–1999

This Document Relates to All Cases

**DECISION AND ORDER**

On August 16, 2010, I granted final approval to five settlement agreements between the plaintiff class and all defendants and awarded attorneys' fees and costs to class counsel, thereby substantially resolving all actions that have been transferred to this court and consolidated for pretrial purposes by the Panel on Multidistrict Litigation. One of the class members who had objected to the settlements and the fee award, David Marlow, has filed a motion to alter or amend my decision pursuant to Federal Rule of Civil Procedure 59(e). I consider this motion below and assume that the reader is familiar with my August 16, 2010 Decision and Order.

A motion to alter or amend a judgment under Rule 59(e) will be granted only in the event of a manifest error of law or fact, an intervening change in the controlling law, or newly discovered evidence. Abcarian v. McDonald, 617 F.3d 931, 943 (7th Cir. 2010); Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). It is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered its judgment. Fannon v. Guidant Corp., 583 F.3d 995, 1003 (7th Cir. 2009).

Marlow raises a number of issues in his Rule 59(e) motion. Having reviewed the

motion, I conclude that most of these issues were adequately addressed in my prior order and do not require additional discussion. However, I will address Marlow's argument concerning class counsel's alleged failure to comply with Federal Rule of Civil Procedure 23(h), as this argument is based on a case that the Ninth Circuit decided after I issued my prior order.

Rule 23(h) sets out the procedural requirements that apply to a request for attorneys' fees and nontaxable costs in class actions. The rule requires that the request be made by motion, that it be served on all parties and that, in the case of a motion by class counsel, it be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The rule also states that "[a] class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(2).

In the present case, notice of the settlements was first disseminated to the class on April 12, 2010. The notice informed class members that class counsel had not yet submitted a request for attorneys' fees and expenses but that class counsel would make a fee request of no more than one-third of the cash benefits, plus $14 million as compensation for obtaining the warranty benefits, plus an unspecified amount of litigation expenses. The notice informed class members that any objections to the settlements or to class counsel's request for fees and expenses had to be postmarked no later than June 4, 2010. However, under the scheduling order dealing with matters relating to final approval of the settlements, class counsel was not required to file their motion for attorneys' fees and expenses until five days before the final fairness hearing, which was set for June 22, 2010. Class counsel filed their motion on June 15, 2010, requesting a fee of $34,666,667. Class counsel arrived at this number by taking one-third of the $65 million cash fund and adding $13 million as

compensation for obtaining the warranty benefits. Class counsel also requested $576,391 in litigation expenses. Ultimately, I approved class counsel's request for litigation expenses in full and awarded class counsel a fee of $27,675,000, or 25% of the value of the entire settlement (cash and warranty benefits), which I determined was $110.7 million.

In his Rule 59(e) motion, Marlow points out that, two days after I awarded fees and expenses to class counsel, the Ninth Circuit held that a district court errs when it sets a deadline for class members to object to a fee request that falls on a date before the deadline for class counsel to file their full fee motion. See In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 993-95 (9th Cir. 2010). Under my scheduling order, class members were required to file their objections to class counsel's fee request before class counsel were required to file their full fee motion, and thus if the Seventh Circuit follows the Ninth Circuit's decision in Mercury Interactive, I will be deemed to have erred in setting this schedule.

However, even if I erred, the error was harmless and therefore is not a basis for disturbing my prior order. Federal Rule of Civil Procedure 61 governs harmless error and provides as follows:

> Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Errors that affect a party's "substantial rights" ordinarily are those that create a reasonable probability that the error affected the outcome of the case. See United States v. Marcus, __ U.S. __, 130 S. Ct. 2159, 2164 (2010). The purpose of Rule 23(h) is to enable class members to object to a request for attorneys' fees and expenses, and thus in the present case the harmless-error analysis involves determining whether there is a reasonable

3

probability that the scheduling error resulted in the non-assertion of an objection that would have been successful and would have resulted in class counsel receiving less in fees and costs than I ultimately awarded. As explained below, nothing in the record raises such a reasonable probability.

To begin with, all class members received reasonable notice in advance of the objection deadline of the amount of attorneys' fees that class counsel intended to seek. Many class members then filed timely objections to class counsel's fee request and presented oral argument regarding the request at the final fairness hearing. Further, I conducted my own research and analysis regarding the reasonableness of the request and ultimately approved a lower fee than that requested by class counsel. Marlow argues in his Rule 59(e) motion that my independent analysis is wrong, but, with one exception,[1] Marlow's argument is not based on anything he learned from class counsel's full fee motion. Finally,

---

[1] Marlow infers from counsel's fee motion that counsel spent 9,839 hours on this case in 2009 and 2010. He then suggests that I "be mindful" that much of this work was devoted to settlement negotiations rather than substantive litigation. (Marlow Br. [Docket #402-1] at 5.) Marlow does not explain why it is important to distinguish between hours spent negotiating and hours spent on other tasks. Presumably, he means to argue that, because counsel spent so much time on settlement negotiations, counsel must have known that a settlement was imminent, and that therefore counsel assumed very little risk when they decided to bring this case, and that therefore counsel cannot justify a high fee on the basis of the amount of risk assumed. However, the Seventh Circuit has held that even where it is likely that some settlement will be reached, class lawyers are nonetheless entitled to be compensated for the risk they assumed when they filed the case, since it is never certain that the settlement will fully compensate class lawyers for the time and money invested in the case prior to the time the settlement is reached. In re Continental Illinois Securities Litigation, 962 F.2d 566, 569-70 (7th Cir. 1992) ("Continental I"). In any event, that counsel invested substantial time on settlement negotiations does not suggest to me that settlement was likely and that counsel assumed very little risk. To the contrary, it suggests that the settlement negotiations were contentious and that they may have failed altogether, leaving class counsel with nothing in the event that the suit failed on the merits. Therefore, even if Marlow had been able to assert this objection by the objection deadline, it would have failed.

4

class counsel's fee motion has been on file for over four months now, and it had been on file for almost three months as of the date Marlow filed his Rule 59(e) motion. Yet, Marlow has not pointed to any meritorious objection that a class member could have made after reviewing the full motion that was not either made by the objection deadline, raised at the final fairness hearing, or addressed by me in my order approving class counsel's fee. Thus, I conclude that even if I erred in setting the deadline for objecting to class counsel's fee request, that error was harmless.[2]

Accordingly, **IT IS ORDERED** that Marlow's motion to alter or amend judgment is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of October, 2010.

/s Lynn Adelman

LYNN ADELMAN
District Judge

---

[2] In footnotes, Marlow suggests that my scheduling error prejudiced his ability to obtain discovery from class counsel regarding their fee request. However, Marlow purported to serve discovery requests – requests that by his own description were "related to the issue of the appropriate amount of attorneys' fees" (Marlow Reply Br. [Docket #462] at 5 n.2) – on class counsel on May 21, 2010. Class counsel then moved for a protective order seeking to block this discovery, and for reasons that Marlow does not explain he did not respond to class counsel's motion within the time permitted by the local rules. I therefore assumed that Marlow either received the requested discovery, agreed with class counsel that he was not entitled to the discovery, or was no longer interested in receiving it. (August 16, 2010 Dec. & Order at 31.) In his Rule 59(e) motion, Marlow does not explain why he never followed up on his discovery requests. Thus, Marlow's lack of discovery on class counsel's fee motion was caused by his own inaction rather than my scheduling error.